**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GABRIAL J. LOBATO,

      Defendant - Appellant.

No. 07-8033
(D.C. No. 06-CR-178-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Gabrial J. Lobato pleaded guilty to one count of

conspiracy to possess with intent to distribute, and to distribute 500 grams or

more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) &

(b)(1)(A). Mr. Lobato was sentenced to 360 months' imprisonment, five years'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

supervised release, and a $1,500 fine.[1]  After Mr. Lobato timely filed a notice of

appeal, his counsel filed an <u>Anders</u> brief and motion to withdraw.  <u>See</u> <u>Anders v.</u>

<u>California</u>, 386 U.S. 738, 744 (1967).  Mr. Lobato was served with a copy of the

<u>Anders</u> brief but did not file a response.  The government contends that this case

should be remanded to the district court for a further hearing on the application of

an enhancement used to calculate the sentence.  Exercising jurisdiction under 28

U.S.C. § 1291 and 18 U.S.C. § 3742(a), we have independently reviewed the

record and we deny counsel's motion to withdraw and remand to the district court

for resentencing.

The <u>Anders</u> brief addresses whether the district court erred by imposing a

three-level enhancement pursuant to § 3B1.1(b).  In considering whether the

enhancement is supported by a preponderance of the evidence, Mr. Lobato argues

that the court failed to resolve a factual dispute concerning whether Mr. Lobato

acted as a manager or supervisor in a conspiracy involving five or more

participants.  The presentence investigation report ("PSR") found that a

§ 3B1.1(b) enhancement was warranted because Mr. Lobato managed or

supervised at least two people and the overall conspiracy involved at least five or

---

[1]  The district court imposed Mr. Lobato's sentence using the 2006 version of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  With a total offense level of 38 and a criminal history category of VI, the advisory guideline range was 360 months to life.  The total offense level included a three-level enhancement pursuant to § 3B1.1(b) for an aggravating role as a manager or supervisor in a conspiracy involving five or more people, and a three-level reduction pursuant to § 3E1.1 for acceptance of responsibility.

more participants.  After receiving the PSR, Mr. Lobato objected to its factual findings, claiming that he did not manage or supervise five or more people.  The probation office rightly responded that § 3B1.1(b) only requires that a defendant manage or supervise at least one person so long as the conspiracy involves at least five people.  See U.S.S.G. § 3B1.1(b) & cmt. n.2.  Armed with the correct understanding of § 3B1.1(b), Mr. Lobato objected at sentencing to the PSR, see Fed. R. Crim. P. 32(i)(1)(D), claiming that he did not manage or supervise anyone.  The district court considered the merits of Mr. Lobato's objection, but overruled it based solely upon the facts presented in the PSR.  The government concedes this constituted error because Mr. Lobato's factual objection was sufficient to invoke the district court's Rule 32 fact-finding obligation.  See Fed. R. Crim. P. 32(i)(3)(B); United States v. Guzman, 318 F.3d 1191, 1198 (10th Cir. 2003).[2]

Mr. Lobato also argues that the enhancement effectively denied him his three-level reduction for acceptance of responsibility.  However, as the application of advisory Guidelines enhancements and adjustments are cumulative, this argument is wholly frivolous.  See U.S.S.G. §§ 1B1.1(c), (e) & cmt. n.4(B).

Because counsel's motion to withdraw was based on his belief that Mr. Lobato had no meritorious arguments on appeal and because the government

---

[2]  This error was not harmless as a three-level reduction in Mr. Lobato's offense level would yield a Guidelines range of 292 to 365 months.

concedes error, we DENY counsel's motion to withdraw.  We REMAND to the district court to VACATE Mr. Lobato's sentence and resentence him in accordance with this order and judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge